```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

TERRANCE DeWAYNE WILLIAMS,      :
                                :
     Petitioner,                :
                                :    CIVIL ACTION 12-0337-WS-M
v.                              :
                                :
UNITED STATES OF AMERICA,       :
*et al.*,                       :
                                :
     Respondents.               :

## REPORT AND RECOMMENDATION

Pending before the Court is Williams's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 8). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b). It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that the Petition for Habeas Corpus (Doc. 8) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Terrance DeWayne Williams. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

On October 28, 1996, Petitioner pled guilty to conspiracy

to possess and distribute cocaine and crack cocaine.  *United States v. Williams*, 96-00163-WS-M (S.D. Ala. October 28, 1996) (Doc. 92).  On January 31, 1997, U.S. District Court Judge Howard sentenced Williams to sixty-three months in prison to be followed by five years of supervised release (*id.* at Doc. 126).  Petitioner was released from custody on May 15, 2000 and began his term of supervised relief (*see* Doc. 18, p. 5; *see also* Doc. 18, Exhibit 2, p. 5).

On February 12, 2004, Williams was arrested for trafficking cocaine by Baldwin County officials (*see* Doc. 18, p. 5; *see also* Doc. 18, Exhibit 3, p. 3).  As a result, Petitioner's supervised release was revoked on March 8, 2004 by U.S. District Court Judge Steele.  *U.S. v. Williams*, 96-00163-WS-M (S.D. Ala. March 9, 2004) (Doc. 164).  On April 6, Williams was transferred to the custody of the U.S. Marshal's Office and came before this Court where he was sentenced to twenty-seven months for conspiracy to possess with intent to distribute crack cocaine and for violating the terms of his supervised release (*see id.* at Doc. 173).  That judgment was lodged as a detainer (Doc. 18, Exhibit 4; *see also* Doc. 18, Boyd Decl., ¶ 5).  On March 17, 2005, the Baldwin County Circuit Court sentenced Petitioner to twenty years of imprisonment (Doc. 18, Exhibits 6-8).  Williams was paroled by Alabama on June 18, 2012 and was officially

2

transferred to the custody of the Bureau of Prisons (hereinafter *BOP*) on August 14, 2012 (Doc. 18, Exhibits 17-18).

Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 1441 on May 22, 2012 in which he raised the single claim that he has served his federal sentence since it should have run concurrently with his state sentence; Williams requests that this Court "issue an order upon the BOP ordering [the] Regional Director to issue an order *nunc pro tunc* that Williams be awarded credit for his time served in state prison" (Doc. 8).  Respondent filed a response on September 24, 2012 (Doc. 18).

The Court notes, initially, that a claim that the BOP erred in calculating pre-sentence credit is appropriate for adjudication in a § 2241 proceeding.  *See Hegney v. Holder*, 177 Fed.Appx. 901 (11th Cir. 2006).  This action is properly before this Court.

The history of this action shows that the State of Alabama arrested and had Petitioner in custody for trafficking cocaine before this Court revoked his supervised release (*see* Doc. 18, p. 5; *cf. U.S. v. Williams*, 96-00163-WS-M (S.D. Ala. March 9, 2004) (Doc. 164)).  Federal case law states that "[w]hen a defendant is involved in concurrent criminal proceedings lodged by different sovereign jurisdictions, it has long been settled

3

that the 'first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing and incarceration.'" *U.S. v. Gonzalez*, 1998 WL 691080, *1 (S.D.N.Y. 1998) (*quoting Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991)). "As a general rule, where the state has primary jurisdiction over a defendant facing both federal and state sentences, the defendant must remain in state custody until the state sentence has been fully served, at which point he will be taken into federal custody to serve . . . his federal sentence." *Gonzalez*, *id.* at *2.

The State of Alabama arrested Williams first. Although Petitioner was sentenced on his federal conviction before he was sentenced on the state conviction, he, nevertheless, remained in state custody. It was only after Petitioner completed his state sentence that he could begin to serve the federal sentence.

The Court next notes that, under federal statutory law, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute goes on to state the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

4

> commences—
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3583(b). According to Kimmela O. Boyd, Management Analyst at the Designation and Sentence Computation Center, the "BOP interprets this as meaning credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign" (Doc. 18, Boyd Decl., ¶¶ 2, 4).

The United States Supreme Court has issued a decision explaining § 3583 that supports the BOP's interpretation of it. Specifically, the Court held that, in passing § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *U.S. v. Wilson*, 503 U.S. 329, 337 (1992).

The Court finds that the Supreme Court and the BOP have made it clear that the time Williams served on his State court conviction can not double as time served on the federal conviction that is now being served. The Court notes that Williams has previously sought—and been denied—this specific

5

relief in this court on numerous occasions.[1]

After review of the pleadings of record and the relevant, applicable law, the Court finds that Plaintiff cannot receive credit for time served on his state court conviction to be applied to his federal sentence.  Therefore, it is recommended that Williams' Petition under § 2241 be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Terrance DeWayne Williams.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28

---

[1] On January 31, 2006, Petitioner Motioned to Reduce his Sentence; this was denied on February 1, 2006.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 175-76).

On September 14, 2006, Williams filed a Motion to Clarify Sentencing that was denied four days later.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 183-84).

On January 16, 2008, Petitioner filed a Motion to Run Probation Revocation Sentence Concurrent with State Sentence; Judge Steele denied the Motion on January 31, 2008.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 185-86).

On June 5, 2008, Williams Motioned to Reconsider Consecutive Sentence and to Resentence Defendant to a Concurrent Term; it was denied the next day.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 187-88).

On September 22, 2008, Petitioner filed a Writ of Mandamus that was denied on December 31, 2008 by Judge Steele.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 190, 192).

On July 2, 2009, Williams filed a Motion to Vacate under § 2255 that was denied as time-barred on November 10, 2009.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 193, 200-02).

On December 9, 2009, Petitioner filed a Motion to Run Sentence Concurrent with State Sentence; Judge Steele denied the Motion the next day.  *U.S. v. Williams*, 96-00163-WS-M (Docs. 203-04).

U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Inasmuch as the Court has found that Williams has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

> MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
> AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
> AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 15th day of May, 2013.


                                              <u>s/BERT W. MILLING, JR.</u>
                                              UNITED STATES MAGISTRATE JUDGE